HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISOM R. TAYLOR, an individual,<br><br>   Plaintiff,<br><br>  v.<br><br>MGC MORTGAGE, INC., *et al.*,<br><br>   Defendants. | Case No. 2:17-cv-01352<br><br>MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW OF DEFENDANTS MGC MORTGAGE, INC., LNV CORPORATION AND DOVENMUEHLE MORTGAGE, INC.<br><br>NOTED FOR CONSIDERATION:<br>November 17, 2017 |

### I. CONFERRAL CERTIFICATION

Gabrielle D. Richards, the attorney for Defendants MGC Mortgage, Inc., LNV Corporation and Dovenmuehle Mortgage, Inc., hereby certifies that she conferred with Plaintiff Isom R. Taylor ("Plaintiff") regarding this Motion on September 25, 2017. The parties discussed the individual claims alleged in the Complaint, the parties' position on those claims and the procedural basis for the Motion. Plaintiff opposes the Motion.

PAGE 1-  MOTION TO DISMISS
     AND SUPPORTING MEMORANDUM OF LAW

## II. MOTION

Defendants MGC Mortgage, Inc. ("MGC Mortgage"), LNV Corporation ("LNV") and Dovenmuehle Mortgage, Inc. ("DMI"), respectfully move the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. This Motion is supported by the Points and Authorities below and by the concurrently filed Declaration of Kristi Cook ("Cook Decl.").

## III. INTRODUCTION

Plaintiff seeks damages and equitable relief for claims arising from a mortgage loan he obtained with his then-wife in 2006. The loan in question originated on September 22, 2006, when Plaintiff and his wife, Bonnie M. Baker-Taylor, executed a promissory Note in the amount of $322,000 for property located at 128 24th Avenue in Seattle.[1] (Cook Decl. at ¶3.) The Note was payable to Credit Suisse Financial Corporation, the original lender. (*Id*.) The Note was later assigned to DLJ Mortgage Capital, Inc. and then to LNV, the current noteholder and Trust Deed beneficiary. (*Id*. at ¶4.) MGC Mortgage has been the master loan servicer since August 2009. (*Id*. at ¶5.) MGC Mortgage services the loan on behalf of DMI, the loan subservicer. (*Id*.)

Plaintiff and Ms. Baker-Taylor defaulted on their Note after failing to pay their December 2010 mortgage payment. (*Id*. at ¶6.) Since that time, Plaintiff has sought to modify the loan on several occasions by contacting MGC Mortgage. MGC Mortgage denied these requests due to the existence of liens against the subject property, three bankruptcies filed by Plaintiff and insufficient income to cover debts. (*Id*.)

Plaintiff alleges that MGC Mortgage advised him to default on his mortgage and then refused to modify his loan despite repeated requests, thereby subjecting the property to the

---

[1] Plaintiff's Amended Complaint references the Note as an exhibit, but fails to attach it. The Note is attached as Exhibit 1 to the Cook Declaration, filed herewith. The Deed of Trust filed by Plaintiff as a supplement to his Amended Complaint (*see* Dkt. 13) pertains to Plaintiff's prior mortgage and was recorded in 2005. The correct Deed of Trust is attached as Exhibit 2 to the Cook Declaration.

PAGE  2-   MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF LAW

**Martin & Richards, LLP**
111 SW Fifth Avenue, Suite 3150
Portland, Oregon 97204
Phone: 503.444.3449
Fax: 503.296.5834

possibility of foreclosure and causing other damages. The vast majority of the Amended Complaint, however, alleges improprieties against the original lender and does not implicate – directly or indirectly – MGC Mortgage, LNV or DMI. None of these defendants had anything to do with the negotiation or execution of Plaintiff's mortgage loan.

Plaintiff asserts eight claims in his Amended Complaint, including three for equitable remedies: injunctive relief, reformation and rescission. Injunctive relief is inappropriate because there is nothing to enjoin – there is no foreclosure currently pending and thus no action to stop. Reformation and rescission are equally inappropriate because MGC Mortgage, LNV and DMI are not (and never have been) parties to the original Note and were not involved in its negotiation. The other five claims are legal in nature and seek damages for harm that has yet to occur – Plaintiff's home has not been foreclosed, and his default is curable. Moreover, most of the claims for which Plaintiff seeks damages (breach of implied covenant, unfair competition, negligent misrepresentation and intentional misrepresentation) do not even implicate MGC Mortgage, LNV or DMI. For the reasons set forth below, Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as to MGC Mortgage, LNV and DMI.

### IV.   POINTS AND AUTHORITIES

**A.   Legal Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

A cause of action may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) when it fails to state a claim upon which relief can be granted. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the plaintiff's complaint must do more than provide "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

//

PAGE   3-   MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF LAW

**Martin & Richards**, LLP
111 SW Fifth Avenue, Suite 3150
Portland, Oregon 97204
Phone: 503.444.3449
Fax: 503.296.5834

**B.     Amended Complaint Should Be Dismissed as to MGC Mortgage, LNV and DMI**

For the reasons set forth below, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

    *1.     Amended Complaint Fails to State a Claim for "Injunctive" Relief*

Plaintiff seeks "a judicial determination and declaration of Plaintiff and Defendants' respective rights and duties … before the Subject Property is sold at a foreclosure sale." (Compl. at ¶19.)  The remedy Plaintiff seeks with this claim is declaratory relief, not injunctive relief.  Plaintiff is not requesting Court invention to prevent a currently pending foreclosure from proceeding.  He is asking the Court to "determine his rights and duties" *before a foreclosure occurs*.  A justiciable controversy must be present to decide an action for declaratory relief.  *To-Ro Trade Shows v. Collins*, 27 P.3d 1149, 1153 (Wash. 2001).  A justiciable controversy is:

> an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.

*Id*.  Unless all these elements are present, "the reviewing court steps into the prohibited area of advisory opinions." *Superior Asphalt & Concrete Co. Inc. v. Washington Dep't of Labor & Indus.*, 89 P.3d 316, 318 (Wash. App. 2004) (citation omitted).  Here, Plaintiff is seeking relief from an action that has not yet taken place, *i.e.* foreclosure.  Without a justiciable controversy, he is seeking an advisory opinion on whether he breached his obligation and was "wrongfully" placed in default.  Such relief is inappropriate.  Plaintiff fails to state a claim upon which relief can be granted for injunctive or declaratory relief.

    *2.     Amended Complaint Fails to State a Claim for Reformation*

Plaintiff seeks reformation because the Note "does not express the true intentions of the parties." (Compl. at ¶26.)  The entirety of this claim, however, alleges improprieties by the

PAGE 4- MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF LAW

**Martin & Richards,** LLP
111 SW Fifth Avenue, Suite 3150
Portland, Oregon 97204
Phone: 503.444.3449
Fax: 503.296.5834

original lender in "concealing the true value" of the property, "altering" Plaintiff's income, and "altering" his credit score "to be able to underwrite inflated, subprime, and profitable loans." (*Id*. at ¶21.)  MGC Mortgage, LNV and DMI were not involved in negotiating or executing the Note.  There is no basis to assert a claim for reformation against MGC Mortgage, LNV or DMI.

Moreover, to be entitled to reformation, a plaintiff must show that (1) the parties to the instrument had an identical intention as to the terms to be embodied in a proposed written document, (2) the writing that was executed is materially at variance with that identical intention, and (3) innocent third parties will not be unfairly affected by reformation of the writing to express that identical intention. *Leonard v. Wash. Employers, Inc.*, 461 P.2d 538 (Wash. 1969). Here, Plaintiff does not allege that the executed Note differs from what the parties intended. He is merely alleging that the property was improper collateral for the loan and that the original lender knew that "monthly payments would only be reasonable for a finite amount of time." (Compl. at ¶25.)  Plaintiff fails to state a claim upon which relief can be granted for reformation.

3.   *Amended Complaint Fails to State a Claim for "Breach of Implied Covenant"*

Plaintiff asserts a claim for "breach of implied covenant."[2] (*Id*. at ¶¶30-35.)  Here again, the entirety of this claim alleges improprieties by the original lender in "forming the contract with Plaintiff."  (*Id*. at ¶33.)   The damages Plaintiff seeks are for "overvaluation and corresponding fees associated with such an excessive loan" and do not allege any wrongdoing by MGC Mortgage or DMI in servicing the loan or by LNV as the current noteholder.  (*Id*. at ¶35.) Moreover, for the implied covenant of good faith and fair dealing to be implicated, there must be a contractual relationship between the parties. *See Lonsdale v. Chesterfield*, 662 P.2d 385, 387 (Wash. 1983) (there is an implied covenant of good faith and fair dealing in every contract). As discussed above, there is no contract between Plaintiff and MGC Mortgage, LNV or DMI with

---

[2] MGC Mortgage assumes Plaintiff is referencing the implied covenant of good faith and fair dealing.

PAGE  5-   MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF LAW

**Martin & Richards,** LLP
111 SW Fifth Avenue, Suite 3150
Portland, Oregon 97204
Phone:  503.444.3449
Fax:  503.296.5834

respect to the negation and execution of the original Note. Plaintiff fails to state a claim upon which relief can be granted for "breach of implied covenant."

    4.    *Amended Complaint Fails to State a Claim for Promissory Estoppel*

Plaintiff asserts a claim for promissory estoppel based on his purported reliance on advice by MGC Mortgage to allow his mortgage payments "to fall into a delinquency." (Compl. at ¶39.) Plaintiff further alleges that he "is damaged in the form of potential loss of the Subject Property" and damage to his credit "that has adversely affected his ability to pay a larger payment." (*Id.*) Promissory estoppel, among other things, requires the existence of a promise. *King v. Riveland*, 886 P.2d 160, 164 (Wash. 1994). Plaintiff, however, does not allege that MGC Mortgage promised to do anything. He merely alleges that MGC Mortgage "informed Plaintiff that he could not obtain a loan modification unless he was delinquent in his payments." (Compl. at ¶38.) Plaintiff does not allege that MGC Mortgage promised that his loan would be modified. In the absence of a promise, Plaintiff fails to state a claim upon which relief can be granted for promissory estoppel, particularly since the alleged damage (foreclosure) has yet to occur. Moreover, Plaintiff never had any direct contact with DMI or LNV.

    5.    *Amended Complaint Fails to State a Claim for "Unfair Competition"*

Plaintiff asserts a claim for "unfair competition." (*Id.* at ¶¶41-45.) Specifically, Plaintiff alleges that defendants "engaged in unfair and misleading practices by failing to inform potential home loan clients that the value of their homes was inflated and/or by adjusting and altering reported household incomes from applicants." (*Id.* at ¶43.) Notwithstanding the fact that "unfair and misleading practices" are different from "unfair competition," the entirety of this claim alleges improprieties by the original lender, not by MGC Mortgage, LNV or DMI, and alleges damage (*i.e.* the "potential loss of the Subject Property") that has yet to occur. Plaintiff fails to state a claim upon which relief can be granted for "unfair competition."

//

PAGE 6- MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF LAW

**Martin & Richards,** LLP
111 SW Fifth Avenue, Suite 3150
Portland, Oregon 97204
Phone: 503.444.3449
Fax: 503.296.5834

### 6. *Amended Complaint Fails to State a Claim for Rescission*

Plaintiff seeks rescission because the Note "does not express the true intentions of the parties." (*Id*. at ¶52.) For rescission to be allowed, "all parties to the contract must consent to rescission by words or objective conduct." *Modern Builders, Inc. of Tacoma v. Manke,* 615 P.2d 1332, 1337 (1980). As discussed above, MGC Mortgage, LNV and DMI are not parties to the original Note. Even if there was a contractual relationship between Plaintiff and MGC Mortgage, LNV or DMI as to the original Note, Plaintiff has not set forth any facts alleging that MGC Mortgage, LNV or DMI has consented to rescission "by words or objective conduct." Plaintiff fails to state a claim upon which relief can be granted for rescission.

### 7. *Amended Complaint Fails to State a Claim for Negligent Misrepresentation*

Plaintiff asserts a claim for negligent misrepresentation. (Compl. at ¶¶55-61.) Here again, the entirety of this claim alleges improprieties by the original lender in overvaluing the property and altering Plaintiff's reported income. (*Id*. at ¶¶56, 57.) This claim in no way implicates MGC Mortgage, LNV or DMI. Moreover, Plaintiff fails to assert the facts necessary to support a claim for negligent misrepresentation against *any* defendant. The crux of a negligent misrepresentation claim is the conveying of and reliance on false information. *Lawyers Title Ins. Corp. v. Baik*, 55 P.3d 619, 624 (Wash. 2002). Plaintiff merely alleges that defendants omitted and suppressed information, not that they conveyed false information upon which Plaintiff relied. Plaintiff fails to state a claim upon which relief can be granted for negligent misrepresentation.

### 8. *Amended Complaint Fails to State a Claim for Intentional Misrepresentation*

Lastly, Plaintiff asserts a claim for intentional misrepresentation. (Compl. at ¶¶62-69.) As with most of Plaintiff's other claims, the entirety of this claim alleges improprieties by the original lender in overvaluing the property and altering Plaintiff's reported income. (*Id*. at ¶¶63, 64.) This claim does not implicate MGC Mortgage, LNV or DMI. Plaintiff fails to state a claim upon which relief can be granted for intentional misrepresentation.

PAGE 7- MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF LAW

**Martin & Richards,** LLP
111 SW Fifth Avenue, Suite 3150
Portland, Oregon 97204
Phone:  503.444.3449
Fax:  503.296.5834

## V. CONCLUSION

For the reasons set forth above, the Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as to MGC Mortgage, LNV and DMI.

DATED this 13th day of October, 2017.

*s/ Gabrielle D. Richards*
**Gabrielle D. Richards**, WSBA No. 50269
gabby@cascadialawyers.com
**Martin & Richards, LLP**
111 SW Fifth Avenue, Suite 3150
Portland, OR  97204
Telephone:  503.444.3449
Facsimile:  503.296.5834

*Attorney for MGC Mortgage, Inc., LNV Corporation and Dovenmuehle Mortgage, Inc.*

PAGE  8-  MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF LAW

**Martin & Richards, LLP**
111 SW Fifth Avenue, Suite 3150
Portland, Oregon 97204
Phone:  503.444.3449
Fax:  503.296.5834

# CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2017, I electronically filed this MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW with the Clerk of the Court using the CM/ECF system and served the same on plaintiff through the CM/ECF system.

DATED this 13th day of October, 2017.

*s/ Gabrielle D. Richards*
**Gabrielle D. Richards**, WSBA No. 50269
gabby@cascadialawyers.com
**Martin & Richards,** LLP
111 SW Fifth Avenue, Suite 3150
Portland, OR  97204
Telephone:  503.444.3449
Facsimile:  503.296.5834

*Attorney for MGC Mortgage, Inc., LNV Corporation and Dovenmuehle Mortgage, Inc.*

PAGE  1-   CERTIFICATE OF SERVICE

**Martin & Richards,** LLP
111 SW Fifth Avenue, Suite 3150
Portland, Oregon 97204
Phone:  503.444.3449
Fax:  503.296.5834