# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br>ISOM R. TAYLOR, an individual,<br>Plaintiff,<br><br>v.<br><br>MGC MORTGAGE, INC., a corporation;<br>Select Portfolio Servicing, Inc., a corporation;<br>Dovenmuehle Mortgage Inc., a corporation;<br>LNV Corporation, a corporation;<br>Freemont Investment & Loan, Loan Originator, a corporation;<br>Credit Suisse Financial Corporation, a corporation; and<br>Mortgage Electronic Registration System, a corporation;<br><br>Defendants. | Case No. 2:17-cv-01352<br><br>RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS BY ISOM TAYLOR |

# RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS BY ISOM TAYLOR

I, Isam Taylor, declare under penalty of perjury that, to the best of my knowledge and belief, the following statements are corrected and true.
DECLARATION OF ISAM TAYLOR

Plaintiff Isom R. Taylor ("Plaintiff") respectfully submit this response in opposition to the Motion to Dismiss filed by Defendants MGC Mortgage, Inc., LNV Corporation and Dovenmuehle Mortgage, Inc. (collectively, "Defendants"). For the reasons set forth below, Defendant's motion should be denied.

1. Although all the Defendants didn't participant in some of the initial loan "Predatory Lending Practices" such as "Steering" the Plaintiff into making, where a lender pushes borrowers into taking out risky, high-cost loans even when they have good credit and should qualify for low-cost, conventional loans (This was the case for my loan, where the original Lender representative pushed and pressure my ex-wife and I into taking out simultaneous first and seconds mortgages or "Targeting," where the lender targets certain borrowers such as myself, low-income and minority borrowers for abusive loan products), all Defendants have an entangled and intertwined by specific behavior and activities they have taken individually and collectively, in the related strings of loan holders and their service representative that shielded them from the Plaintiff as Mortgagee.

2. Defendants Attorney, Ms Richards, states that:
*Plaintiff alleges that MGC Mortgage advised him to default on his mortgage and then refused to modify his loan despite repeated requests, thereby subjecting the property to the possibility of foreclosure and causing other damages.*

   Defendants Attorney did not note that both MGC and SPS, Inc as I do, the promises to complete a loan modification and then completed actions that both made it difficult to complete the multiple loan modifications, shield the loan holder from the forefront of the Plaintiff, returned mortgage payments and made multiple shifts of the loans between each other just as Plaintiff completed loan modification documents and was promised that processing was being made. The finally shift of these 2-loans (the first and the second) was eventually split between the two service corporations, MGC, Inc holding the first mortgage loan and SPS, Inc holding the second mortgage loan. These actions continually the hardships in communicating with the loan holder and it's representative, making it more difficult for the Plaintiff to negotiate for a loan modification.

3. These unfair corporate behaviors and actions conducted by the Defendants are integral to the Plaintiff's allegations, shields and protects the actual loan holder and confuses the mortgagee in their endeavors to work with the mortgage company as well as continually puts the Plaintiff in further debts. Each of the Defendants and the intercourse of these multiple actions entangle and interwind the Defendants together in this case and my allegations of predatory financial practices.

4. The original Plaintiff's Amended Complaint – Exhibit I, does have a date of by May 23, 2005 and was

one of the two simultaneous loans originally encouraged by Freemont Investment and Loans Representative. The document submitted by me was notarized the same date, September 22, 2006 as the loan in question, as noted by Defendants' Attorney in her Motion to Dismiss - Introduction, where she states the:

> *"The loan in question originated on September 22, 2006, when Plaintiff and his wife, Bonnie M. Baker-Taylor, executed a promissory Note in the amount of $322,000 for property located at 128 24th Avenue in Seattle."*

5. The Plaintiff advances that the original 2-loans were lent by Freemont Investment and Loans of Fullerton, California and both loans were sold to Credit Suisse Financial Corporation, whom the Defendants Attorney says is the original lender. I nor my ex-wife knowingly take to or worked with Credit Suisse Financial Corporation until after the transfer letter for where the payment should go. This identical notarized date of September 22, 2006 on the document I submitted, brings into earnest question, the true flow of the loan and the connectivity of each of the Defendants as well as the veracity of the Plaintiff's allegations.

6. In early 2010, after separating from my wife in the Summer of 2008 and eventually divorcing, I approach the Defendants, through their Representatives, SPS, Inc and MGC, Inc to informed them of my reduce income, difficulty in making payment and sought some loan modification as available under the Federal HARP or HAMP policies. I was encouraged to complete the in-house loan modification package for the then current service provider, SPS, Inc, and did. Their loan modification process didn't adhere to HARP or HAMP policies. After completing the in-house loan modification and being promised that it would be reviewed and to wait for a determination prior to any payment as the payment might change, the loan was then transferred to MGC, Inc. December 2010 mortgage payment.

I was encouraged to complete the in-house loan modification package for the then current service provider, MGC, Inc, and did. Their loan modification process didn't adhere to HARP or HAMP policies. After completing the in-house loan modification and being promised that it would be reviewed and to wait for a determination prior to any payment as the payment might change, the loan was then transferred back to SPS, Inc. This process was repeated multiple times by the representatives of the lender, whom at the time, I was confused as to who that was by the multiple shuffling of my loan to the different entities. This behavior and these actions are support of my allegations that help to show the engagement and intertwining of these corporate players.

7. The original predatory behavior of the loan originators to the mortgagee stays valid and Corporations and their representative do hold major responsibilities for prior acts of faulty and ill-transacted financial transactions such as mortgage loan. In addition, subsequent loan holders and their service representatives then become integral

to the predatory financial actions to the Mortgagee when they take actions on the own part to dissuade, impede and general cause the mortgagee such as myself, the Plaintiff in this matter, to stumble in trying to meet or renegotiate the terms of their mortgage loan and indebtedness.

8. The Defendants who claim payments, late penalties, attorneys' cost and other fees that may have come because of the Plaintiff's alleged predatory financial practices, will not be as unduly harmed by the postpone while the Plaintiff will possible lose his home of 30+years.

## FINAL SUMMARY

The Plaintiff will not have a chance to adequately address his claims against the defendants if this case is dismissed. The evidence that the Plaintiff must present before this court will not be seen and the Plaintiff will not be able to be made whole or see a just settlement for his mortgage for the predatory loan abusive by the Defendants, all inclusive.

The Plaintiff does not have legal references and diligently seeks to legal representatives to help him navigate the Federal Court system and adhere to procedures to process this case with a fair and reasonable standing.

Plaintiff is therefore pleading with this court for an additional 21-day postponement to allow the Plaintiff to secure adequate legal representations and to allow for the "Doe Defendant" to properly response to the Amended Compliant.

Therefore, the Plaintiff pleads with this Court to hear his plea and grant the requested postpone so that the matters related to the Plaintiff's claim regarding the predatory loan and financial practices of these Defendants as alleged by the Plaintiff regarding his property and domicile of 30 years.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for DISMISSAL should be denied.

Dated: October 23, 2017   PLAINTIFF
   In Pro Se

   By:  Isom R. Taylor
   128 24th Avenue Seattle, WA 98122
   (206) 369-8477 isam60x@gmail.com

RESPONSE IN OPPOSITION    p. 4 of 4    October 23, 2017
TO DEFENDANTS MOTION TO
DISMISS