HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ISOM R TAYLOR,

    Plaintiff,

  v.

MGC MORTGAGE INC, et al.,

    Defendants.

CASE NO. C17-1352 RAJ

ORDER

This matter comes before the Court on Defendants MGC Mortgage, Inc.'s, LNV Corporation's, and Dovenmuehle Mortgage, Inc.'s (collectively, "Defendants" or "moving defendants") motion to dismiss. Dkt. # 14. Plaintiff opposes the motion. Dkt. # 17. For the reasons that follow, the Court GRANTS the motion.

**I.    BACKGROUND**

The following is taken from Plaintiff's Complaint, which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

Plaintiff claims that he began to experience financial difficulties in 2007 and these difficulties accelerated over the next few years. Dkt. # 12 (Amended Complaint) at ¶ 7.

Plaintiff's financial state prevented him from keeping up with his current mortgage payments, leading him to seek out a loan modification. *Id.*

Plaintiff argues that his monthly payments were too high because the loan originators overvalued the Subject Property and adjusted his household income to an inaccurately high level. *See, e.g., id.* at ¶¶ 34, 43. He also claims that "Defendants' representatives misled [him] into believing that he would not be eligible for a loan modification unless [he] was delinquent in his monthly payments." *Id.* at ¶ 11. But after defaulting on his payments, Defendants refused to modify his loan.

The moving defendants are now before the Court seeking dismissal of all of Plaintiff's claims.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders*, 504 F.3d at 910. A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III. DISCUSSION

Plaintiff alleges eight causes of action against all Defendants without specifying which actions are attributable to each Defendant. All of these claims fail as alleged against the moving Defendants.

First, Plaintiff claims that he is "concerned" that Defendants will foreclose on the Subject Property. Dkt. # 12 (Amended Complaint) at ¶ 17. Defendant's concern began in early 2015, but there is no evidence that any such foreclosure is—or has ever been—pending or even threatened. The Court may not grant declaratory relief when there is no controversy and therefore GRANTS Defendants' motion on this claim. *See, e.g.*, *Bisson v. Bank of America, N.A.*, 919 F. Supp. 2d 1130, 1138-39 (W.D. Wash. 2013).

Second, Plaintiff claims he signed the promissory note without knowing that the payment terms were unreasonable in light of his financial situation. Dkt. # 12 (Amended Complaint) at ¶ 25. He argues that he "is entitled to have his mortgage payment amount reformed to show the true intention of the parties." *Id.* at ¶ 29. However, none of these allegations are directed toward the moving defendants; they are directed toward the original lenders. Accordingly, the Court GRANTS Defendants' motion on this claim as it pertains to the moving defendants. This claim may advance as alleged against the remaining defendants.

Third, Plaintiff claims that Defendants "inflated the appraisal in order to legitimize an overvaluation of the Subject Property[.]" *Id.* at ¶ 34. Similar to the prior allegation, this claim is directed toward the loan originators and not to the moving defendants. Accordingly, the Court GRANTS Defendants' motion as it pertain to the moving defendants. This claim may advance as alleged against the remaining defendants.

Fourth, Plaintiff avers that he defaulted on his mortgage payments due to the advice he received from the moving defendants. He claims that Defendants represented that "he could not obtain a loan modification unless he was delinquent in his payments by at least a few months." *Id.* at ¶ 38. But once Plaintiff defaulted, Defendants did not

modify his loan. *Id.* at ¶ 39. Notably, Plaintiff does not claim that Defendants promised that if he defaulted on his payments then Defendants would modify the loan; he merely states that Defendants "informed" him that loan modification is only an option for those who are delinquent in their payments. Because Plaintiff does not allege any promise, he does not state a claim for promissory estoppel. *Wells v. Chase Home Fin., LLC*, No. C10-5001RJB, 2010 WL 4858252, at *7 (W.D. Wash. Nov. 19, 2010) ("[A] promise is necessary for there to be an argument of promissory estoppel."). The Court GRANTS Defendants' motion on this claim.

Fifth, Plaintiff states a claim for unfair competition based on his allegations that the loan originators inflated the value of homes or adjusted and altered household incomes "in order to validate issuing exorbitant home loans." Dkt. # 12 (Amended Complaint) at ¶ 43. This claim is directed toward the loan originators and not toward the moving defendants. Accordingly, the Court GRANTS Defendants' motion on this claim as it pertains to the moving defendants. This claim may advance as alleged against the remaining defendants.

Sixth, Plaintiff seeks rescission of his mortgage agreement because he claims that defendants issued the loan knowing that Plaintiff's income could not support the monthly payments. *Id.* at ¶¶ 51, 54. Once again, Plaintiff directs this claim toward the loan originators and not toward the moving defendants. The underlying actions that Plaintiff alleges—regarding the inflated assessments—are not specifically attributed to the moving defendants. Rather, Plaintiff makes these allegations against the defendants that originated his loan. Accordingly, the Court GRANTS Defendants' motion on this claim as it pertains to the moving defendants. This claim may advance as alleged against the remaining defendants.

Plaintiff's final two causes of action allege claims for negligent and intentional misrepresentation. *Id.* at ¶¶ 55-69. The conduct Plaintiff complains of relates to the origination of his loan. Once more, he claims that defendants "suppressed the true fact

that the Subject Property was worth substantially less than the amount of the loan that was originated on it." *Id.* at ¶ 56. But these actions are attributable to the loan originators; Plaintiff does not allege that the moving defendants played a role in the loan origination. Accordingly, the Court GRANTS Defendants' motion on this claim as it pertains to the moving defendants. This claim may advance as alleged against the remaining defendants.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion. Dkt. # 14.

Dated this 14th day of June, 2018.

_____
The Honorable Richard A. Jones
United States District Judge