UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISOM R. TAYLOR,<br><br>                Plaintiff,<br><br>     v.<br><br>MGC MORTGAGE INC.; SELECT PORTFOLIO SERVICING, INC.; DOVENMUEHLE MORTGAGE INC.; LNV CORPORATION; FREEMONT INVESTMENT & LOAN; CREDIT SUISSE FINANCIAL CORPORATION; MORTGAGE ELECTRIC REGISTRATION SYSTEM,<br><br>                Defendants. | CASE NO. 2:17-cv-01352-BAT<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS CREDIT SUISSE FINANCIAL CORPORATION AND SELECT PORTFOLIO SERVICING, INC.** |

Defendants Credit Suisse Financial Corporation ("Credit Suisse") and Select Portfolio Servicing, Inc. ("SPS") (collectively, "Defendants") move for summary judgment dismissal of Plaintiff Isom R. Taylor's claims. Dkt. 38.[1] Plaintiff filed no opposition to Defendants' motion.

---

[1] All other defendants have been dismissed from this action. On April 11, 2018, Defendants Freemont Investment & Loan and Mortgage Electronic Registration System were dismissed without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(h). Dkt. 31. All claims against Defendants MGC Mortgage, Inc.; LNV Corporation; and Dovenmuehle Mortgage, Inc. were dismissed for failure to state a claim on June 14, 2018. Dkt. 33.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF DEFENDANTS
CREDIT SUISSE FINANCIAL
CORPORATION AND SELECT PORTFOLIO
SERVICING, INC. - 1

Defendants' summary judgment evidence shows that Plaintiff's claims are either moot, untimely, or subject to dismissal because Plaintiff cannot show causation or damages. Plaintiff has not offered any competent evidence to the contrary or shown that there is a genuine dispute as to any material fact. Accordingly, summary judgment in favor of Defendants is appropriate.

## FACTUAL BACKGROUND

The following facts, provided by Defendants (Dkt. 38 at 2-3), are not in dispute. On or about September 22, 2006, Bonnie M. Baker-Taylor and Isom R. Taylor executed two promissory notes: (1) the first in the original principal sum of $322,000.00 (the "First Note"), and (2) a second promissory note in the amount of $73,250.00 (the "Secondary Note"). Dkt. 39, Declaration of Madison DaRonche ("DaRonche Decl."), ¶¶ 3, 4, Ex. A. These notes were each secured by a deed of trust encumbering real property commonly known as 128 24th Avenue, Seattle, WA 98122, King County, Washington. *Id*., Exs. B, C. The first-in-time Deed of Trust, securing the First Note, was recorded in King County Auditor's Office under recording number 20060928000840 (the "First Deed of Trust"). *Id*., Ex. B. The Second Deed of Trust, securing the Second Note, was recorded immediately thereafter, under recording number 20060928000841. *Id*., Ex. C (the "Secondary Deed of Trust"). The lender on both Deeds of Trust is listed as "Credit Suisse Financial Corporation." *Id*., Exs. B & C.

**A.  First Note & Deed of Trust**

In 2008, the First Deed of Trust was assigned to LNV Corporation.[2] Dkt. 39, DaRonche Decl., Ex. D. This assignment was recorded on February 6, 2009. *Id*. Credit Suisse and SPS do

---

[2] LNV Corporation was originally named as a defendant in this case; all claims against it were dismissed by the Court's June 14, 2018 Order. *See* Dkt. 33.

not have any ownership interest in, nor have they been involved in servicing, the First Note and First Deed of Trust, since at least 2009. *Id*. ¶ 6. To the best of their knowledge, the First Deed of Trust is currently assigned to LNV Corporation and serviced by some other institution. *See id.*

**B.      Secondary Note & Deed of Trust**

The Secondary Note was serviced by SPS, as loan servicer on behalf of Credit Suisse, since its origination in 2006 until it was paid off in 2015. Dkt. 39, DaRonche Decl, ¶ 7. During this time, the Secondary Note was in default multiple times, and loan modification was sought. *Id.* In at least 2013 and 2014, foreclosure proceedings were delayed due to Mr. Taylor's bankruptcy proceedings.[3]

Given that the loan was long in default and secured only by a junior lien, in December 2014, SPS (as agent for Credit Suisse) proposed a settlement-in-full conditioned upon receipt of a payment by Mr. Taylor in the amount of $2,500 by January 9, 2015. Dkt. 39, DaRonche Decl., ¶ 8, Ex. E. SPS's records indicate that payment of $2,500 was timely received by January 9, 2015. *Id.* ¶ 8. On January 9, 2015, SPS sent Mr. Taylor a letter reflecting the status of his loan account. The total debt owed as of that date was $0.00. *Id.*, DaRonche Decl., Ex. F. On March 11, 2015, SPS sent Mr. Taylor a letter again confirming that the "mortgage loan is paid in full." *Id.*, DaRonche Decl., ¶ 10, Ex. G. This letter also provided that "SPS makes no warranties and/or takes no responsibility for any liens senior or junior to our position being released in conjunction with this satisfaction." *Id.* ¶ 10. Included with the letter was the satisfaction/full reconveyance document recorded with the King County Auditor, lifting the Secondary Deed of Trust. *Id.*

---

[3] W.D. Wash. Bankruptcy Court Case Nos. 13-bk-16420 and 14-bk-13556.

**C.      This Litigation**

Plaintiff filed his original Complaint in King County Superior Court on May 31, 2017. Dkt. 1. The case was removed to this Court, and Plaintiff filed his First Amended Complaint on March 12, 2018. Dkt. 12. All defendants except Credit Suisse and SPS were dismissed from the case on June 14, 2018. Dkt. 33. In that Order the Court also limited Plaintiff's claims and construed the remaining claims as relating to origination. *Id*. at 3-5.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e).

Where the moving party makes out a prima facie case showing it is entitled to judgment as a matter of law, summary judgment will be granted unless the opposing party offers some competent evidence that there is a genuine dispute as to a material fact. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). Further, where competent evidence is submitted by the moving party, the nonmoving party may not simply rely on pleadings to oppose summary judgment. *Shah v. Mt.*

*Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 272 (9th Cir. 1981). "Despite Plaintiff's pro se status, he is required, like all other civil litigants, to comply with both the federal and local court rules of civil procedure, notwithstanding the Court's obligation to make reasonable allowances for pro se litigants." *King v. Stach*, No. C16-1420-JCC-BAT, 2017 WL 1250428 *1, n.2 (W.D. Wash. Apr. 5, 2017). Although Plaintiff's failure to oppose summary judgment should not be "considered by the court as an admission that the motion has merit," LCR 7(b)(2), given his failure, the Court may consider the facts shown by Defendants as "undisputed for purposes of the motion." Fed. R. Civ. Pr. 56(e)(2). This Court may also "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." *Id*. at (e)(3).

**DISCUSSION**

Of the eight claims Plaintiff asserts in his First Amended Complaint, Defendants contend two claims were previously dismissed, and the remaining six claims are either moot, untimely, or subject to dismissal due to lack of causation or damages.

**A.  Previously Dismissed Claims – Claim 1 (Injunctive Relief) and Claim 4 (Promissory Estoppel)**

The Court dismissed Claim 1 (Injunctive Relief) and Claim 4 (Promissory Estoppel) as to all defendants. *See* Dkt. 33 (Order Granting Motion to Dismiss of Defendants MGC Mortgage, Inc., LNV Corporation, and Dovenmuehle Mortgage, Inc.) (collectively "the MGC Defendants"). Defendants contend the rationale employed by the Court in dismissing Claims 1 and 4 as to the MGC Defendants applies equally to all defendants. The Court agrees.

As to Plaintiff's claim for injunctive relief, he alleges he is "concerned" that defendants will foreclose on the Subject Property. Dkt. 12 at ¶ 17. In dismissing this claim as to the MGC

1  Defendants, the Court noted, as "there is no evidence that any such foreclosure is—or has ever

2  been—pending or even threatened, the Court may not grant declaratory relief when there is no

3  controversy." Dkt. 33 at 3.

4  As to Plaintiff's claim for promissory estoppel, Plaintiff avers only that he defaulted on

5  his mortgage payments due to the advice he received from defendants that he could not receive a

6  loan modification without defaulting. Dkt. 12 at ¶ 38. In dismissing this claim as to the MGC

7  Defendants, the Court stated:

> "Notably, Plaintiff does not claim that Defendants promised that if he defaulted
> on his payments then Defendants would modify the loan; he merely states that
> Defendants 'informed' him that loan modification is only an option for those who
> are delinquent in their payments. Because Plaintiff does not allege any promise,
> he does not state a claim for promissory estoppel."

Dkt. 33 at 4.

The Court's rationale in dismissing Claims 1 and 4 as to the MGC Defendants applies equally to the remaining defendants as there is no evidence of threatened or pending foreclosure or promise of loan modification. Additionally, when dismissing the other six claims as to only certain defendants, the Court stated that the "claims may advance as alleged against the remaining defendants." Dkt. 33 at p. 3 ll. 17-18, 23, p. 4 ll. 14-15, 23-24, p. 5 ll. 5-6. But the Court made no such statement about Claims 1 and 4. Accordingly, Defendants are entitled to summary judgment dismissal of Claim 1 (Injunctive Relief) and Claim 4 (Promissory Estoppel).

**B.      Moot Claims – Claim 2 (Reformation) and Claim 6 (Rescission)**

Defendants contend that Claim 2 (Reformation) and Claim 6 (Rescission) are moot to the extent they relate to Plaintiff's Secondary Deed of Trust, and to the extent they relate to his First Note and Deed of Trust, the claims simply do not apply to Credit Suisse and SPS. Dkt. 38 at 5.

As to Plaintiff's Secondary Deed of Trust, the claims are moot because the Deed of Trust was already rescinded when the Secondary Note was satisfied. Dkt. 39, DaRonche Decl., ¶¶ 8-10, Exs. E-G. Where "the circumstances have evolved in a way that th[e] Court cannot provide effectual relief to the parties" such as when the loan under consideration is no longer at risk of foreclosure, courts should decline the opportunity to issue an "advisory opinion as to the parties' rights and the [borrower's] attempt to avoid foreclosure." *Matt v. HSBC Bank USA, N.A.*, 783 F.3d 368, 373 (1st Cir. 2015) (dismissing case as moot where the parties worked out a loan modification agreement). Thus, any claims for injunctive relief as to Plaintiff's Secondary Note is dismissed as moot.

As to Plaintiff's First Note and Deed of Trust, the undisputed record reflects that Credit Suisse and SPS have no involvement with, or power to change, those agreements. Credit Suisse originated that loan, but then transferred its interest as of 2008. Dkt. 39, DaRonche Decl., ¶ 6, Ex. D. SPS has never owned a beneficial interest in the First Note, and has not serviced that loan since at least 2009. *Id.* ¶ 6. Credit Suisse and SPS, therefore, do not have the power to give Plaintiff the reformation or rescission he seeks on the First Note and Deed of Trust. *See* 13B Fed. Prac. & Proc. Juris. § 3533.2 (3d ed.) ("So long as nothing further would be ordered by the court, there is no point in proceeding to decide the merits.").

Additionally, if Plaintiff's reformation and rescission claims are construed as an attempt to seek specific performance under the First Note, such relief is not appropriate as it would require an act or assent of an entity that is not party to this suit. *See Carson v. Isabel Apartments, Inc.*, 20 Wn. App. 293, 298 (1978) (holding that specific performance is not available where it would require action by outside parties).

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF DEFENDANTS
CREDIT SUISSE FINANCIAL
CORPORATION AND SELECT PORTFOLIO
SERVICING, INC. - 7

Because Plaintiff seeks injunctive relief related to either a loan that is satisfied or a loan that is not currently serviced or controlled by the Defendants, that relief is either moot or beyond the power of Defendants. Plaintiff has failed to offer any competent evidence to the contrary. Accordingly, Defendants are entitled to summary judgment dismissal of Claim 2 (Reformation) and Claim 6 (Rescission).

**C.     Untimeliness – All Claims**

Defendants contend that all of Plaintiff's claims are untimely because he filed his complaint well after the applicable statutes of limitations had expired.

Claim 1 (Injunctive Relief), Claim 2 (Reformation), Claim 3 (Breach of Implied Covenant), Claim 4 (Promissory Estoppel),[4] and Claim 6 (Rescission) are subject to a six year statute of limitations. *See* RCW 4.16.040. Claim 5 (Unfair Competition),[5] Claim 7 (Negligent Misrepresentation), and Claim 8 (Intentional Misrepresentation), are subject to four and three year statutes of limitation. *See* RCW 19.86.120 (unfair competition) and RCW 4.16.080(4); *see also, Davidheiser v. Pierce County*, 92 Wn. App. 146, 156 n. 5, 960 P.2d 998 (1998) (negligent misrepresentation); *Young v. Savidge*, 155 Wn. App. 806, 823, 230 P.3d 222, 230 (2010) (intentional misrepresentation).

---

[4] Defendants point out that Plaintiff's promissory estoppel claim is more likely subject to a three-year limit as the six-year limit applies only to claims based on a writing that contains "all essential elements of a contract." Dkt. 38 at 8 n.5 (citing *Barnes v. McLendon*, 128 Wash. 2d 563, 570, 910 P.2d 469, 473 (1996)). As none of Plaintiff's claims are subject to a statute of limitations longer than six years and at the latest, his claims arose in 2009, eight years before he filed his complaint, the promissory estoppel claim is untimely whether the three or six year limit applies.

[5] Although this claim is titled "Unfair Competition," Mr. Taylor appears to be raising a Consumer Protection Act claim. Dkt. 12 at ¶ 43 (alleging Defendants engaged in "unfair and misleading practices").

1         Because Plaintiff's loans were originated in 2006, his origination claims likely arose at that time. At the latest, Plaintiff knew or should have known the facts giving rise to his claims by 2008 or 2009, when he lost his job, got divorced, and could no longer make payments on his loan. *See* Dkt. 12 at ¶¶ 7-8.3. However, Plaintiff waited until May 31, 2017, well over six years later to file his complaint in this action.

        In addition, Defendants contend that any argument that Plaintiff did not discover his claims until after 2008 should be rejected, in light of the fact that he *could have* discovered them any time after the financial downturn. The Court agrees. *See Aloe Vera of Am., Inc. v. United States*, 699 F.3d 1153, 1159 (9th Cir. 2012) (explaining that the discovery rule does not require actual knowledge and holds the plaintiff responsible for "those facts a reasonably diligent plaintiff would have known" (quoting *Merck & Co. v. Reynolds*, 559 U.S. 633, 648 (2010)).

        Accordingly, Defendants are entitled to summary judgment on all of Plaintiff's claims because they are untimely. None of Plaintiff's claims are subject to a statute of limitations longer than six years and at the latest, his claims arose in 2009, eight years before he filed his complaint.

**D.     Lack of Causation/Damages – All Claims**

        Defendants also argue that Plaintiff cannot prove causation or damages on any of his claims because he knowingly entered into and defaulted on the loan agreements; his own default in monthly payments is the "but for" cause of any lender exercising foreclosure remedies; allegations of income and home value exaggerations in 2006 are purely speculative; and, there has been no compensable harm because Plaintiff has remained in his home and there has been no foreclosure sale. Dkt. 38 at 9-12.

Claims 2, 3, and 6, which are contract-based claims, cannot survive summary judgment where Plaintiff's own breach of the parties' contract caused any damages he has suffered. *See Willener v. Sweeting*, 107 Wn. 2d 388, 394 (1986) ("If a contract requires performance by both parties, the party claiming nonperformance of the other must establish as a matter of fact the party's own performance."). Further, to the extent Plaintiff attempts to avoid his loan obligations by alleging misrepresentations in the loan origination process, he must show some injury directly resulting from a specific false representation. *See, e.g., Yakima Cty. (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 390, 858 P.2d 245, 256 (1993) (holding plaintiffs failed to establish a truly false misrepresentation that would justify avoiding contract). He also must show that he raised his concerns about the invalidity of the loan documents within a reasonable time. *See Algee v. Hillman Inv. Co.*, 12 Wn.2d 672, 676, 123 P.2d 332, 334 (1942). Plaintiff has not provided any evidence that Credit Suisse or SPS made false statements to induce him into signing the loan documents nor has he provided evidence that he promptly raised any issues with Credit Suisse or SPS. Because Plaintiff cannot point to an action or statement by SPS or Credit Suisse that caused him harm, he cannot avoid, or seek damages resulting from entering into his loan agreements. In addition, because Plaintiff remains in his home, he cannot show damages on his contract claims.

Claims 7 and 8, which are based on intentional and negligent misrepresentation, also require a connection between actions by Credit Suisse or SPS and damages to Plaintiff. For intentional misrepresentation, the "plaintiff must prove that reliance on the defendant's representation was the legal cause of his loss." 16A Wash. Prac., Tort Law And Practice § 19:9 (4th ed.); *see also* 16A Wash. Prac., Tort Law And Practice § 19:12 ("Contributory negligence is

a valid defense to a negligent misrepresentation claim."). Plaintiff claims that Defendants "suppressed the true fact that the Subject Property was worth substantially less than the amount of the loan that was originated on it" (Dkt. 12 at ¶ 56), but he has not identified a specific representation by Credit Suisse or SPS that caused him damage nor does he explain why he was entitled to rely it, as required to state a claim. *See ESCA Corp. v. KPMG Peat Marwick*, 135 Wn.2d 820, 832 (1998).

Claim 5 for "unfair competition," which the Court construes as a CPA claim, also fails because Plaintiff has shown no "unfair or deceptive act" by Credit Suisse or SPS that caused injury to his "business or property." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Here, Plaintiff essentially claims two categories of damages: (1) "damage in a monetary amount that represented the overvaluation and corresponding fees associated with such an excessive loan" including "significant declines in his credit" and (2) "damage[] in the form of potential loss of the Subject Property." Dkt. 12, ¶¶ 35, 39, 45, 61, 68. However, these very general and conclusory allegations, which appear to be based solely on Plaintiff's dissatisfaction with his loan and a fear of foreclosure, are insufficient to withstand summary judgment because there is no evidence of any specified economic harm. *See Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 432 (2014) (holding a borrower's "alleged emotional distress and associated physical symptoms" based on a generalized anxiety about foreclosure are not compensable under the CPA").

Moreover, Defendants cannot be held liable for Plaintiff's "self-inflicted" injuries. *Marts v. U.S. Bank Nat'l Ass'n*, 166 F. Supp. 3d 1204, 1208 (W.D. Wash. 2016); *see also Babrauskas v. Paramount Equity Mortgage,* 2013 WL 5743903, *4 (W.D. Wash. Oct. 23, 2013) (finding no

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF DEFENDANTS
CREDIT SUISSE FINANCIAL
CORPORATION AND SELECT PORTFOLIO
SERVICING, INC. - 11

injury under the CPA because "plaintiff's failure to meet his debt obligations is the 'but for' cause of the default, the threat of foreclosure, [and] any adverse impact on his credit"); *McCrorey v. Fed. Nat. Mortg. Ass'n*, 2013 WL 681208 (W.D. Wash. Feb. 25, 2013) (finding no injury under the CPA because "it was [plaintiffs'] failure to meet their debt obligations that led to a default, the destruction of credit, and the foreclosure"). More fundamentally, no foreclosure sale has occurred and Plaintiff has remained in possession of his home for years, presumably without making regular monthly payments. Because he has failed to show any damages flowing from the actions of Credit Suisse and SPS, Defendants are entitled to dismissal with prejudice of Plaintiff's claims on this ground as well.

Accordingly, it is **ORDERED** that the motion for summary judgment of Defendants Credit Suisse Financial Corporation and Select Portfolio Servicing, Inc. (Dkt. 38) is **GRANTED**; all Plaintiffs' claims are **dismissed with prejudice**.

DATED this 9th day of October, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF DEFENDANTS
CREDIT SUISSE FINANCIAL
CORPORATION AND SELECT PORTFOLIO
SERVICING, INC. - 12